Etheldred Herring v. Commissioner.
Herring v. Commissioner
Docket No. 35636.
United States Tax Court
1953 Tax Ct. Memo LEXIS 339; 12 T.C.M. (CCH) 248; T.C.M. (RIA) 53077; March 12, 1953
*339 Claude C. Pierce, Esq., for the petitioner. James R. Harper, Jr., Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined the following deficieencies and penalties in petitioner's income tax. Year
Deficiency
50% Penalty
1945
$10,838.58
$5,419.29
1946
2,268.95
1,134.48
1947
3,496.25
1,748.13
1948
3,573.75
1,786.88
1949
2,934.51
1,467.26
In his petition filed July 9, 1951, taxpayer alleges that he had paid the amount of the deficiencies determined and puts in issue only the question of fraud. On August 21, 1951, respondent filed his answer, alleging that the deficiencies in the case were due to fraud with intent to evade tax, together with facts supporting his charge of fraud. Petitioner filed no reply to such answer. Under date of October 19, 1951, respondent filed a motion requesting the Court to enter an order requiring the petitioner to show cause why the allegations of respondent's answer should not be deemed admitted. Such an order to show cause was issued by the Court the same day, calling on petitioner to show cause on or before November 28, 1951 why respondent's motion should *340 not be granted. No reply was filed or other action taken by the petitioner and on November 28, 1951, the rule was made absolute. The case was duly calendared and came on for hearing before the Court on January 22, 1953, at which time petitioner appeared by counsel and moved the Court to vacate the rule of November 28, 1951 and permit him to file a reply forthwith. This motion was denied and the case submitted on the pleadings. It is to be noted that the petitioner allowed the order of the Court to stand uncontested for more than a year. Then after the case was calendared for hearing, and but two days before the hearing, a new lawyer was engaged and at the scheduled hearing an attempt made to have the Court retrace the steps previously taken and vacate the order on the rule to show cause. No excuse was offered to account for the delay and inattention, nor was it shown that taxpayer had not been fairly dealt with. Confronted, as it is, with a very heavy docket, and, in view of the difficulty of the work of the Court, we have found it necessary to adopt certain rules of procedure which require the taxpayers' cooperation. Absent such cooperation, the work of the Court is greatly *341 handicapped. The orderly procedure of the Court would be seriously interrupted if the stamp of approval were placed on situations such as appear in the present case. The rule is fair both to the government and the taxpayer and we see no reason for not enforcing it here. In the present case, respondent had relied on the existing state of the pleadings, as he had a right to do, and was not prepared to proceed as though a reply had been previously filed. Had petitioner's last-minute motion been granted, respondent, on whom rested the burden of proof of fraud, either would have been obliged to ask for a continuance or go to trial wholly unprepared, perhaps without witnesses, to establish the issue. Since the case was heard in a city where Court seldom sits more than once a year, a continuance would have meant a delay of perhaps a year or more. Such a delay might not inconvenience the taxpayer, but if the instance be multiplied by similar situations throughout the entire country, it would seriously impede the administration of the tax laws and the disposition of cases and would interfere with the orderly collection of the revenues. The correctness of the deficiencies was not put in *342 issue, and, accordingly, the deficiencies stand unassailed. The allegations of respondent's answer, standing admitted, established that petitioner filed false and fraudulent returns for each of the years 1945 through 1949, with intent to evade tax. Accordingly, judgment must be given for the respondent. Decision will be entered under Rule 50.